# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| James A. McClellan, ) | Civil Action No. 9:19-cv-01228-JMC |
| Petitioner, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| Warden of Perry Correctional Institution, ) | |
| Respondent. ) | |

Petitioner James A. McClellan, proceeding *pro se* and *in forma pauperis*, filed for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Habeas Petition") (ECF No. 1.) The matter before the court is a review of the Report and Recommendation ("Report") issued by the Magistrate Judge on July 12, 2019. (ECF No. 9.) For the following reasons, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 9) and **DISMISSES** Petitioner's Writ of Habeas Corpus (ECF No. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 9 at 1-5.) Petitioner is currently incarcerated at the Perry Correctional Institution serving a life sentence after his conviction for first-degree burglary, S.C. Code § 16-3-910 (2012), and kidnapping, S.C. Code § 16-11-311 (2012). (ECF Nos. 1 at 1; 9 at 2.)

On October 26, 2006, Petitioner filed a Habeas Petition against the acting warden of McCormick Correctional Institution. *See McClellan v. Cartledge*, C/A No. 9:06-cv-03057-PMD. On January 28, 2009, the district court accepted the Magistrate Judge's recommendation to grant the acting warden's motion for summary judgment and to dismiss the Habeas Petition. (ECF No. 9 at 5.)

On April 29, 2019, Petitioner filed a second Habeas Petition that reasserts previous arguments regarding his incarceration for first-degree burglary and kidnapping. (ECF No. 1.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *See also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although

*pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. ANALYSIS

The record indicates that objections to the Report "are due by [July 26, 2019]," and that Petitioner has failed to respond. (ECF No. 9.) As such, the court must only review the record to ensure that there is no clear error. *See Diamond*, 416 F.3d at 315.

Here, the Magistrate Judge relied on the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, ("AEDPA") and the amended 28 U.S.C. § 2244 (1996) to analyze Petitioner's successive Habeas Petition:

> The prospective applicant must file in the court of appeals for a motion for leave to file a second or successive habeas application in the district court. [28 U.S.C.] § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether 'the application makes a prima facie showing that the application satisfies the requirements of' § 2244(b).

(ECF No. 9 at 5.)

There is no evidence that Petitioner sought or received permission from the Fourth Circuit Court of Appeals to file this action. The Habeas Petition also fails to present a claim based on a new rule of constitutional law and does not allege cause and prejudice arising from newly discovered evidence. (ECF No. 9 at 7 n. 1.)

### IV. CONCLUSION

After a thorough review of the Report and of the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 9) and **DISMISSES** Petitioner's Writ of Habeas Corpus (ECF No. 1) with prejudice.

3

**Certificate of Appealability**

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 30, 2019
Columbia, South Carolina